UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4025

MICHAEL MCKINZIE, a/k/a Michael
McKenzie, a/k/a Macadoo,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-21)

Submitted: October 3, 1996

Decided: October 16, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Margaret A. Hickey, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael McKinzie challenges the sufficiency of the evidence relating to his conviction for one count of conspiracy to distribute and possess with intent to distribute cocaine base, 21 U.S.C. § 846 (1994), one count of possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (1994), and two counts of distributing cocaine base, 21 U.S.C. § 841(a)(1). Finding no error, we affirm.

The conspiracy and possession counts involved a UPS package containing crack cocaine. After a UPS employee made several unsuccessful attempts to deliver the package to the noted address, the employee opened it and found illicit drugs. He notified police, who asked him to notify them once someone arrived for the package. Meanwhile, McKinzie asked two men to pick up the package for him. When the two men arrived, police arrested them and arranged for a controlled delivery to McKinzie. McKinzie was arrested upon receiving the package.

The distribution counts involved two controlled buys made through a paid government informant. On both occasions, the informant told McKinzie he wanted to purchase crack cocaine and McKinzie purchased the crack cocaine for the informant. Upon arresting McKinzie after the second purchase, police found him holding the remainder of the pre-recorded money the government gave the informant to give to McKinzie to purchase the crack cocaine.

To withstand a challenge to the sufficiency of the evidence, the evidence must be sufficient for a rational jury to find the defendant guilty beyond a reasonable doubt when the evidence is viewed in the light most favorable to the government. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942). Further, the government is entitled to all reasonable infer-

2

ences from the established facts. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

First, McKinzie claims the evidence was insufficient to establish he conspired with anyone and that he actually knew the UPS package contained crack cocaine. However, the evidence revealed that McKinzie conspired with the two men to obtain a package of crack cocaine. While the record is silent as to whether the men knew the package contained illicit drugs, the government is entitled to all reasonable inferences. Additionally, both men testified that they delivered the package to McKinzie, that he opened the package before them, and that he counted the cocaine packets inside. Thus, his claim that he did not know the package contained cocaine is without merit.

As to the distribution counts, McKinzie claims only that the paid government informant was unreliable. However, it is within the sole province of the jury to assess the credibility of witness testimony. United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992), cert. denied, 506 U.S. 1066 (1993). Additionally, physical evidence corroborated the informant's testimony, as police found McKinzie with the pre-recorded money upon arresting him.

Accordingly, we affirm McKinzie's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3